DETERMINED IN THE

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### July, 1902.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY
BAHR, Appellant.

*Crime — right of the accused to call witnesses to testify to his good character — a
denial of such right is not cured by a concession that they would so testify.*

A person charged with a crime is entitled, especially where the question of his
guilt is a close one, to the benefit of the oral testimony of any witnesses that
he may be able to produce who will testify as to his previous good character,
and an error in rejecting such testimony is not cured by a concession of the
district attorney that the witnesses in question "would testify that the general
reputation of the defendant is good."

APPEAL by the defendant, Henry Bahr, from a judgment of the
Court of General Sessions of the Peace in and for the city and
county of New York in favor of the plaintiff, entered in the office
of the clerk of said court on the 30th day of April, 1901, upon
the verdict of a jury convicting him of the crime of attempting
sodomy, and also from an order entered in said clerk's office on the
3d day of May, 1901, denying the defendant's motion for a new
trial made upon the minutes.

*Lewis Stuyvesant Chanler*, for the appellant.

*Robert C. Taylor*, for the respondent.

PER CURIAM:

The facts are such as not to justify elaboration and it is sufficient
upon this appeal to point out an error committed upon the trial
which, we think, requires a reversal of the judgment.

From the nature of the crime charged and the participation of the two witnesses, upon whose testimony the conviction was based, it was of the utmost importance to the rights of the defendant that he should have the full benefit of any testimony he might be able to produce which would bear upon his good character. He went upon the stand and denied that he had committed the crime of which he was accused, and that he had ever seen or known the witnesses who testified against him. Upon this state of the record the question of defendant's guilt was a close one, and the error in excluding thereafter testimony offered by him as to his character, which evidence was entirely competent, was necessarily harmful. This error was not cured by the concession of the district attorney made after he had ascertained his mistake in having such evidence excluded, that "the witnesses offered by the defense as to good character would testify that the general reputation of the defendant is good." The defendant having the witnesses in court and having placed them upon the stand was entitled to the benefit of their oral testimony.

Judgment accordingly should be reversed and a new trial ordered.

Present — VAN BRUNT, P. J., O'BRIEN, INGRAHAM, McLAUGHLIN and HATCH, JJ.

Judgment reversed, new trial ordered.